[Civ. No. 10110.   First Appellate District, Division One.—April 6, 1937.]

DALLAS D. TRACY, Respondent, v. LAWRENCE J. GUIB-BINI, Appellant.

J. Hampton Hoge, and A. Dal Thomson for Appellant.

Frank V. Campbell, J. Rainey Hancock and L. H. Schellbach for Respondent.

TYLER, P. J.—Action for personal injuries resulting from an automobile accident. The case was tried by the court sitting without a jury and judgment was entered for plaintiff in the sum of $11,644. The appeal is taken from the judgment.

The accident out of which the action arose occurred on November 11, 1933, at about midnight on a state highway in the open country about four miles north of Modesto. Plaintiff was riding as a passenger in an automobile owned by defendant and appellant Guibbini. The machine was a Chevrolet and was being operated by one James L. Kennedy, a business associate of defendant Guibbini. Kennedy died as the result of injuries received in the accident. There were no other persons in the machine except plaintiff and Kennedy, appellant not being present. Tracy, the plaintiff, claims he was asleep when the accident occurred and knew nothing concerning its

cause. Appellant's machine was being driven along the highway in a southerly direction. There was a head-on collision with a Studebaker coupe, which was traveling in an opposite or northerly direction. The driver of this car disappeared after the accident and was not a witness at the trial. The complaint charged negligence on the part of Kennedy, the driver of the Chevrolet car, in running his machine so as to collide with the Studebaker. There was no direct testimony dealing with the actual manner of the happening of the accident, the plaintiff being asleep, the driver of appellant's car being killed, and the driver of the Studebaker having disappeared and not having been located at the time of the trial. No other persons were present. Certain witnesses who arrived upon the scene of the accident immediately after it occurred and who were witnesses at the trial testified as to the position of both cars on the pavement after the impact. It appeared also that two other cars collided with either or both of the damaged cars after they had been moved and placed upon their four wheels. The right front of each of the cars involved was damaged. Other physical facts show that at the probable point of impact there were gouges or scratches in the center of the paved portion of the highway on either side of the white line marking the center thereof. The highway at the place of the accident was some twenty-six feet in width, with a shoulder on each side of eight feet. The testimony as to the positions of the cars after the impact was conflicting, but there was evidence to show that the cars came to rest on the east side of the highway, or on appellant's wrong side of the road, and that travel was diverted to the west side of the highway. Under these circumstances the trial court found that plaintiff had sustained damages in the amount heretofore stated through the negligence of appellant, and the findings negatived the existence of contributory negligence upon the part of plaintiff.

It is here claimed that the finding of negligence on the part of appellant is unsupported. No claim is made that the judgment is excessive. We are of the opinion that there is ample evidence to support the judgment. Physical facts are of importance in determining whether or not liability exists for an automobile accident. Thus it has been held that the positions in which two cars are found after a collision control in fixing liability, rather than the guesses or con-

jectures of witnesses whose testimony is refuted by those physical facts. (*Waizman* v. *Black*, 101 Cal. App. 610 [281 Pac. 1087]; *Keyes* v. *Hawley*, 100 Cal. App. 53 [279 Pac. 674].) While conflicting, as above stated, there was evidence to show that the cars came to rest after the impact on the east side of the road, which compels the inference that Kennedy was not driving on his west side of the highway. Driving on the wrong side of the highway at the time of an accident is a proximate cause of a collision. This inference from the facts, without more, makes out a case of negligence. Then again, there was evidence to show marks and gouges on both sides of the white line center of the highway, and the right front of each car was damaged. From all of these circumstances the trial court was justified in drawing an inference of negligence on the part of appellant. Under these circumstances we cannot disturb the judgment.

Appellant next complains of the action of the trial court in applying the doctrine of *res ipsa loquitur* in aid of its conclusion of negligence, and it is contended that this doctrine does not apply since its availability is based upon the ability of the defendant to explain the circumstances of the accident; that it cannot be applied in the instant case because through the death of the person operating the instrumentality the defendant has lost his ability to explain. We find nothing in the record to show that the court applied the rule in reaching its conclusion. Even if it be conceded that the doctrine was applied, and wrongfully so, still the evidence without the aid of the rule is sufficient to support the judgment.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 6, 1937.