Ellen Monken et al., Appellees, v. Baltimore and Ohio Railroad Company, Appellant.

Term No. 50M14.

Opinion filed October 25, 1950. Released for publication November 21, 1950.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and JOHN C. ROBERTS, all of East St. Louis, for appellant.

JOHN R. SPRAGUE, of Belleville, and GEORGE B. GRIGGS, of Lebanon, for appellees.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

The instant case arises as the result of an action instituted in the circuit court of St. Clair county by Ellen Monken, Earl Monken, Juanita Monken, a minor, by Earl Monken, her father and next friend; Velma Bunge and Martha Jane Bunge, by Velma Bunge, her mother and next friend, as plaintiffs, as against the Baltimore and Ohio Railroad Company, as defendant. The action is predicated upon an accident which occurred when an automobile owned by Earl Monken and driven by Ellen Monken, his wife, was involved in a

collision with a train of the defendant railroad company at a crossing in Summerfield, Illinois, on February 1, 1947. Severe injuries were sustained by the plaintiff, Ellen Monken, and a judgment was entered in her favor for $15,000 in the court below. Plaintiff, Earl Monken, suffered the loss of his automobile and the loss of services of his wife for some time, and judgment was rendered in his favor in the circuit court for $2,500. Verdicts and judgments were rendered in favor of defendant railroad company as to the claims of all other plaintiffs in the case.

The evidence in the cause disclosed that the plaintiff, Ellen Monken, was driving the automobile owned by her husband, Earl Monken, and the plaintiff, Velma Bunge (aged 31), her daughter, was riding in the front seat with the driver, and the plaintiffs, Juanita Monken (aged 16) and Martha Jane Bunge (aged 4 years) were in the rear seat of the automobile. The Village of Summerfield has a population of about 300, and the defendant railroad extends through the village in an east and west direction, and State aid route number 50, a hard road, extends through the village in a north and south direction. The intersection of the hard road and the railroad tracks was the crossing at which the accident took place at about 3:30 in the afternoon. There was evidence to the effect that as plaintiff, Ellen Monken, approached the railroad tracks she was traveling at a slow rate of speed, then came to a stop, and was again traveling at a slow rate of speed in approaching the tracks. There is also evidence to the effect that no train whistle was blown until after the plaintiff had stopped and had looked to the right and to the left and then shifted into second gear and had reached the speed of about five miles per hour. Visibility at the crossing was obstructed by a frame house and a wire fence and telephone pole, and the railroad station of the defendant railroad company. The evi-

4

dence disclosed, however, that the railroad track is straight at each side of the crossing for about three-quarters of a mile; that the weather was clear; and that from a point 40 feet north of the north rail (from which direction Ellen Monken was driving the car) there was an unobstructed view towards the east (the direction in which the train was coming), a distance of 1450 feet. The evidence and pictures also showed that from a point 25 feet north of such north rail the unobstructed view to the east was for a distance of 3,000 feet.

There was testimony that plaintiff, Ellen Monken, looked to the right and to the left and stated she could see no train on the track. The evidence discloses that the whistle of the train was first blown at a point between the depot and route 50 (less than 80 rods from the crossing), and that there was no automatic bell ringing. The plaintiff already had her front wheels on the track and stated she stopped as soon as she could but that the automobile was struck by the train. Plaintiff, Ellen Monken, was thrown from the car as a result of which she sustained severe injuries. There was no substantial evidence of any injuries on part of the other passengers in the automobile. The automobile was damaged beyond repair. As indicated previously, a verdict of the jury was returned in favor of the plaintiff, Ellen Monken, in the sum of $15,000, and in favor of the plaintiff, Earl Monken, in the sum of $2,500 for property damage to his automobile and for loss of companionship and consortium of his wife. The verdict of the jury was in favor of the defendant as to the other three plaintiffs.

It is contended on appeal in this cause, basically, that plaintiff, Ellen Monken, was guilty of contributory negligence; that there were certain errors in the giving of instructions; and that the verdicts of the jury

5

were wholly inconsistent. It is, likewise, contented that the verdicts of the jury were excessive.

 As to the judgment in favor of plaintiff, Ellen Monken, in view of the evidence which showed that she could have seen the train in time to have stopped had she looked in the direction of the train, it is apparent that the motion for judgment notwithstanding the verdict in favor of Ellen Monken should have been allowed, and that the judgment in favor of Ellen Monken cannot stand. A person is bound to know that a railroad crossing at grade is a dangerous place and such person is guilty of negligence unless he approaches the crossing with care commensurate with the known danger at the crossing (*Grubb v. Illinois Terminal Co.*, 366 Ill. 330, 337; *Provenzano v. Illinois Cent. R. Co.*, 357 Ill. 192, 197; *Greenwald v. Baltimore & O. R. Co.*, 332 Ill. 627, 631). Such cases have established that the law will not tolerate the absurdity of allowing a person to testify that he looked and did not see the train when he could have seen it. In the instant case if the Monken car was traveling only at five miles per hour it would take only three seconds to go about 22 feet. At 80 miles per hour, the speed at which the train was presumably traveling, it would take the train 25 seconds to go 3,000 feet. It is obvious that had the plaintiff, Ellen Monken looked, the train would have been definitely visible to her at a point 25 feet back of the rail. The courts of this State have indicated that one who has an unobstructed view of an approaching train is not justified in closing his eyes, or in failing to look, or in crossing a railroad track upon the assumption that a bell will be rung or a whistle sounded. One cannot assume there will not be a violation of the law or negligence of others and then rely on such assumption as an excuse for failure to exercise due care. It is obvious that plaintiff Ellen Monken was guilty of contributory negligence, as a

6

matter of law, if she looked and did not see the train, or failed to look, or looked only after she was in such position that she could not avoid a collision. The trial court, therefore, should have directed a verdict in favor of defendant as to said plaintiff, Ellen Monken, or entered judgment in favor of defendant notwithstanding the verdict. The judgment of the circuit court of St. Clair county in favor of Ellen Monken and as against the defendant, the Baltimore and Ohio Railroad Company, should, therefore, be reversed without remandment (*Carrell v. New York Cent. R. Co.,* 384 Ill. 599; *Provenzano v. Illinois Cent. R. Co., supra; Greenwald v. Baltimore & O. R. Co., supra; Grubb v. Illinois Terminal Co., supra*).

 As to the judgment in favor of the plaintiff, Earl Monken, however, the situation is not the same. The negligence of the plaintiff, Ellen Monken, could not be imputed to her husband, Earl Monken (*Gaffney v. City of Dixon,* 157 Ill. App. 589). There is also evidence in the record that the railroad company was guilty of negligence in failing to sound a whistle or ring a bell for 80 rods before reaching the crossing in question, and in traveling at a high rate of speed (80 to 90 miles an hour) under the circumstances which existed in the village at the time (*Wagner v. Toledo, P. & W. R. R.,* 352 Ill. 85; *Goodrich v. Sprague,* 376 Ill. 80; *McDonell v. Lake Erie & W. R. Co.,* 208 Ill. App. 442; *Applegate v. Chicago & N. W. Ry. Co.,* 334 Ill. App. 141).

 As to the verdict in favor of Earl Monken, while the specific damage for the loss of his automobile aggregates only approximately $500, the value of the loss of the services of his wife was a question of fact for the determination of the jury, and we do not believe the fixing of such amount at $2,000 is evidence of passion and prejudice (*Chicago & M. Elec. Ry. Co. v. Krempel,* 116 Ill. App. 253).

7

■ As to the contention that the verdicts in favor of plaintiffs, Ellen Monken and Earl Monken, are inconsistent with the verdicts against the other passengers in the automobile, it is only necessary to observe that apparently there was no substantial evidence of injuries as to such persons, and a recovery by one who is injured and a denial of recovery to one who is not injured, even though they are involved in the same accident and are passengers in the same automobile, is hardly the basis of a reversal on the ground of inconsistency of verdicts.

A number of contentions are made as to errors in the giving of four instructions on behalf of plaintiffs and as to the refusal of one instruction on behalf of defendant.

■ The first instruction complained of was one which advised the jury that the plaintiffs have a duty to prove by a preponderance of the evidence certain propositions, viz: that defendant was guilty of negligence at the time of the accident, that plaintiffs were in the exercise of due care and caution for their own safety, and for the safety of their property, and that plaintiffs sustained injuries or damage as the direct and proximate result of defendant's negligence, and then goes on to state that if the jury finds that the plaintiffs have so proved the propositions, then it is the duty of the jury to return a verdict in favor of the plaintiffs in the case. The basic point raised by defendant as to such instruction is that the negligence to which reference is made should have been confined to that charged in the complaint, rather than refer to the fact of negligence generally, which might be interpreted to mean any negligence. It is noted in such instruction that the negligence is confined to negligence of the defendant at the time of the accident complained of, and the only negligence complained of by plaintiffs was that set forth in the complaint. Under

8

the instructions as presented in this cause we do not believe the giving of such instruction constitutes reversible error (*Goldberg v. Capital Freight Lines*, 382 Ill. 283).

■■■ The next instruction of which complaint is made is one which advises the jury in substance that if they believe from a preponderance of the evidence that defendant was guilty as charged in the complaint or some one count thereof and that the automobile was damaged by reason of defendant's negligence and that Earl Monken was not guilty of contributory negligence, that the rule for determining the measure of damages for the loss sustained by Earl Monken was as thereafter set forth in the instruction, which rule is not disputed by defendant railroad company. The point made, basically, by the railroad company, on appeal in this cause, as to such instruction, is that there were six counts in the complaint, five of which had nothing to do with damages to the automobile, and only one of which referred to the automobile. How the jury could have been confused by such instruction escapes us. We certainly see no reversible error in the reference that defendant was guilty as charged in the complaint or some one count thereof as set forth in such instruction.

■■■ Another instruction complained of, which was given on behalf of plaintiffs, is one which sought to define negligence as the omission to do something which a reasonable man guided by those ordinary considerations which ordinarily regulate human affairs would do, etc. It is contended that the definition of negligence by what a reasonable man would do instead of what an ordinary careful person would do constitutes reversible error. We do not believe under the facts and circumstances in this case that the giving of such instruction constitutes reversible error. (*Illinois Cent. R. Co. v. Noble*, 142 Ill. 578—in which case the

word "reasonable" in an instruction was taken as indicating ordinary care and implying that the terms "reasonable man" and "ordinary careful person" might be used interchangeably.)

The next instruction given for the plaintiffs and complained of is the general instruction as to damages, which defendant contends is erroneous in attempting to state the entire rule as to damages suffered by plaintiffs in one instruction without any distinction as to the different causes of action stated in the different counts, particularly since it refers to "loss of time and inability to work" that there might be duplication of recoveries by Ellen Monken and Earl Monken by reason of her loss of time and inability to work. There is nothing in the instruction which directly states that there can be recovery by both persons upon the same elements of damage, but the instruction merely brings to the attention of the jury the possible items of damage it could consider. We do not believe the jury could have been confused by such instruction and a reversal on such ground would be unjustified.

The instruction tendered by defendant which was refused by the court below, as to which defendant complains on appeal, sought to instruct the jury that Earl Monken is responsible for the acts of Ellen Monken to the same extent as if he were handling the automobile himself, and goes on to state that for injuries negligently inflicted by one person upon another there can be no recovery of damages if the injured person by his own negligence contributed to the injuries, and the instruction likewise goes on to state that if Ellen Monken contributed to the injuries in question that would prevent plaintiff Earl Monken from recovering in the case. The giving of such instruction would have been improper since it would have stated specifically that the negligence of Ellen Monken would have

10

been imputed to Earl Monken. Since there was no evidence of a master and servant relationship this would have been improper under the law (*Palmer v. Miller,* 380 Ill. 256; *Johnson v. Turner,* 319 Ill. App. 265).

Upon a review of the entire record it is apparent that the judgment in favor of Earl Monken should be affirmed. The judgment of the circuit court of St. Clair county in favor of Earl Monken is, therefore, affirmed, and the judgment of such court in favor of Ellen Monken is reversed without remandment.

*Judgment in favor of Earl Monken affirmed. Judgment in favor of Ellen Monken reversed without remandment.*

SCHEINEMAN, P. J., and BARDENS, J., concur.