KAREN BOKHOVEN, by her next friend, ARTHUR H. BOKHOVEN, appellee, v. PEARL HULL, appellant.

No. 48865.

(Reported in 75 N.W.2d 225)

MARCH 6, 1956.

Franken, Keyes & Crawford, of Cedar Rapids, and Gilmore, Dull & Keith, of Ottumwa, for appellant.

Gilbert & Stoddard, of Oskaloosa, for appellee.

OLIVER, J.—Plaintiff Karen Bokhoven, a minor "little girl", whose age in years is not shown, was injured in a head-on, daytime collision between a 1950 Ford tudor sedan in which she was riding with three others and a 1953 Chevrolet two-door sedan owned and operated by defendant and occupied by him alone, upon a country road, of which the traveled part, twenty-one feet wide, was surfaced with rock and gravel, was without ruts and was dry and dusty. Plaintiff's sister was killed and each of the other occupants of the two cars was injured and rendered irrational or unconscious, suffered retrograde amnesia and was unable to testify concerning the collision or what occurred immediately prior thereto.

Defendant testified he remembered only driving north on the right-hand (east) side of the road. The other driver remembered only driving south at a speed of about thirty miles per hour, on the right-hand (west) side of the road. Nor was any other person found who witnessed the collision or observed either vehicle prior thereto. All of the evidence of the collision was circumstantial.

After the collision several automobiles arrived at the scene, doors of the cars were forced open and the occupants were removed and taken to a hospital. Officers arrived and photographs were taken. These show the two cars standing almost exactly head on, parallel to the side of the road, which was there straight and slightly upgrade to the north, with their west wheels at the west edge of the surfacing and their east wheels several feet west of the center line. In other words, all of defendant's car was several feet on his left side of the road and all of the Ford car was several feet on its right side. A photograph from the

rear shows the two cars so directly in line that the moulding on one appears to be an extension of the moulding on the other. Likewise, a photograph from the front side shows the crushed fronts of the two cars in line and wedged tightly together. Witnesses described the front ends as jammed together and as tangled together. There were no skid marks behind either car but skid marks were found which indicated the rear wheels of defendant's car had skidded about a foot from east to west to the place where it stood after the collision. According to a witness: "It (the car) comes to an abrupt stop and skidded." The photographs show a dark spot in the road from the fronts of the two cars to just beyond the rear of defendant's car, evidently caused by water or oil from one or both cars. On the ground at the front ends of the cars is a hubcap and there is other debris under the front ends of the two cars.

Trial to a jury resulted in a verdict and judgment for plaintiff for $15,000. Defendant's motion for judgment notwithstanding verdict, under rule 243, Rules of Civil Procedure, was overruled and he has appealed. Such an appeal is limited to questions raised in the motion for directed verdict and repeated in the motion for judgment notwithstanding verdict. Marxen v. Meredith, 246 Iowa 1173, 1177, 69 N.W.2d 399, 401.

Apparently the pleaded ground of negligence relied upon by plaintiff was, defendant's car, in meeting the Ford on the highway, failed to "give one half of the traveled way thereof by turning to the right." Section 321.298, Code of Iowa, 1954.

The basic question here is whether the physical facts were sufficient to make this issue one of fact. We are satisfied the trial court correctly determined the record required the submission of the case to the jury.

Defendant concedes facts may be established by circumstantial evidence but "contends the sole evidentiary fact that both vehicles were positioned on defendant's wrong half of the road after the accident is not sufficient to establish a jury case by circumstantial evidence." This contention overlooks the record. There was evidence there were no skid marks in the road other than one-foot skid marks to the side made by the rear wheels of defendant's car. There was evidence of debris under

and beside the front ends of the cars, which were crushed in from the front and locked together in almost perfect alignment. No damage appears to the rear half of either car. There is nothing in the record to support any probable theory other than that the cars collided head on, with considerable force, and that the momentum of each was substantially the same, so neither moved perceptibly after the collision, except the one-foot side movement of the rear wheels of defendant's car.

Defendant complains there was no testimony as to the location of the debris or skid or tire marks made by either vehicle before the collision. We have pointed to testimony there were no skid or tire marks other than the one foot to the side marks made by the rear wheels of defendant's car. The photographs show no debris other than at the front ends of the cars. The record indicates the witnesses were disinterested, fair and frank. Defendant was represented by able counsel. We decline to assume there was additional debris at some other place, the evidence of which was concealed by the witnesses and overlooked by counsel for appellant. Nor is there any basis in the record for the suggestion of counsel that the physical facts would warrant a finding defendant drove to the left side of the road to avoid the approaching Ford which was being driven on its wrong side of the road and just before the impact turned back on its own side.

Another contention is that before a jury question is presented in a head-on collision case of this nature, "substantial evidence of the course or path of the defendant's car on the wrong side of the road must be established." This contention also is without merit. The statute merely requires that vehicles meeting each other shall give one half of the traveled way by turning to the right. Although proof of the location of the nonconforming car before the "meeting" may be of assistance in determining its location at the time of the collision such proof is not essential. As was pointed out in Smith v. Darling & Co., 244 Iowa 133, 136, 56 N.W.2d 47, 49, we are firmly committed to the rule that plaintiff's theory of causation need not be proved by evidence so clear as to exclude every other possible theory. The evidence must be such as to make that theory reasonably probable, not merely possible, and more probable than any other hypothesis based on such evidence. Latham v. Des Moines Electric Light Co., 229

Iowa 1199, 1207, 296 N.W. 372, 375; Hayes v. Stunkard, 233 Iowa 582, 588, 10 N.W.2d 19, 22; Hackman v. Beckwith, 245 Iowa 791, 795, 64 N.W.2d 275, 278; Guyer v. Elger, 8 Cir., Iowa, 216 F.2d 537.

Although defendant concedes this is the rule he quotes from Reimer v. Musel, 217 Iowa 377, 251 N.W. 863, which does not follow it. He cites also Vandell v. Roewe, 232 Iowa 896, 6 N.W.2d 295, a guest case which involved recklessness only, and Potter v. Robinson, 233 Iowa 479, 9 N.W.2d 457, in which this court held certain testimony was not supported by the record as a whole, was definitely refuted by photographs and was not of sufficient probative substance to sustain a verdict.

■ Of course, in determining the sufficiency of evidence to warrant submission of a question to a jury, each case must stand on its own facts. Statements of courts in other cases should be considered in the light of their particular facts. For example, colliding vehicles frequently come to rest some distance from the point of collision. In some such cases courts have said the place where a vehicle stopped did not prove where it came into collision. In other cases the places where the vehicles came to rest have been given much weight. See Slabaugh v. Miller, 244 Iowa 29, 32, 33, 55 N.W.2d 528, 529, 530. Obviously, proof the vehicle or vehicles came to rest at the point of collision would establish that circumstance. So in this case the evidence where the cars came to rest, with other physical facts, was sufficient to make the question of the place where the cars collided one of fact for the jury.

We hold the trial court did not err in ordering the case submitted to the jury.—Affirmed.

All Justices concur.