313 P.2d 800

Willard R. WOOD, Plaintiff and Respondent,

v.

STREVELL–PATERSON HARDWARE COMPANY, a corporation, Defendant and Appellant.

No. 8632.

Supreme Court of Utah.

July 8, 1957.

Thomas & Armstrong, Edward M. Garrett, Salt Lake City, for respondent.

Nielsen & Conder, Salt Lake City, for appellant.

WORTHEN, Justice.

Appeal from a judgment rendered in favor of plaintiff and against defendant after a trial to the court. The action arose out of a motor vehicle collision which oc-

curred October 13, 1954, about 9 p. m. near the Saltair cutoff on U. S. Highway No. 40 west of the Salt Lake City Airport. Both drivers were alone and were killed as a result of the collision and there were no eyewitnesses.

On the occasion in question Richard E. Gore, plaintiff's employee, was driving the vehicle belonging to plaintiff and Wayne N. Stoker, an employee of defendant, was driving a vehicle belonging to Mr. Stoker.

Appellant contends that the evidence is not sufficient to sustain a finding that at the time of the accident the deceased Wayne N. Stoker was driving an automobile in the course of his employment with defendant.

Wayne N. Stoker was employed as a salesman for Strevell-Paterson Hardware Company and was paid a salary for his services and mileage for the use of his automobile in connection with his employer's business.

Mr. Howard Rich, the owner and operator of a roadside establishment, testified that he had known Wayne Stoker for approximately four years prior to the collision and knew that he was a salesman for Strevell-Paterson Hardware Company; that Mr. Stoker had called at his place of business two or three times per month. He testified that on most occasions he would give Mr. Stoker an order for merchandise, consisting of sporting goods. These orders were honored by defendant and the merchandise was shipped to Rich. On the day in question Mr. Rich said that Mr. Stoker called at his place of business at about 4 p. m.; Mr. Rich placed an order with him for ammunition and one 12-gauge shotgun and he gave Mr. Stoker $57 in cash for a K-22 revolver which Mr. Stoker had helped sell to a customer of Mr. Rich.

Mr. Lawrence W. Mansell, treasurer of appellant, testified that Mr. Stoker had specific instructions to call on government installations in the state of Utah, but that any other business which Mr. Stoker obtained would be accepted. Testimony was given that appellant's records showed that six orders were given Mr. Stoker by Mr. Rich during 1954, prior to the one on the 13th day of October, 1954.

The evidence fails to disclose specific authorization from defendant for Mr. Stoker to stop at Mr. Rich's establishment. Nevertheless it is apparent from the evidence that he was impliedly authorized to do so, and was encouraged to solicit and did solicit all the business he could. All orders from Mr. Rich were accepted by defendant; it is apparent that defendant ratified the acts of Mr. Stoker. The finding of the trial court that Mr. Stoker was operating his automobile within the course of his employment at the time of the collision is supported by the evidence.

"The liability of the principal for the acts and contracts of his agent is not limited to such acts and contracts

of the agent as are expressly authorized, necessarily implied from express authority, or otherwise actually conferred by implication from the acts and conduct of the principal. All such acts and contracts of the agent as are within the apparent scope of the authority conferred on him, although no actual authority to do such acts or to make such contracts has been conferred, are also binding upon the principal." [1]

■■ Appellant contends that the evidence will not support a finding that Wayne Stoker was negligent in the operation of his vehicle, which negligence proximately caused the collision. The physical facts disclose that plaintiff's agent, Richard Gore, driving plaintiff's automobile and defendant's agent, Wayne Stoker, driving his own car collided head-on on a curve on Highway No. 40 near the Saltair take-off. Mr. Gore was traveling in a westerly direction from Salt Lake City, on U. S. Highway No. 40, while Wayne Stoker was traveling in an easterly direction toward Salt Lake City. Deputy Sheriff A. H. Nordgren investigated the collision. He testified that each vehicle was severely damaged on the front end indicating that the vehicles met head-on. He testified that the accident occurred in the westbound lane of traffic. The point of impact was determined by debris and gouge marks on the roadway. He testified that, in consideration of the debris and the gouge marks and the further fact that the vehicles met head-on, the Stoker vehicle was at least three feet into the lane occupied by Mr. Gore.

Appellant impliedly concedes for purpose of argument that a presumption of negligence arises from the fact that Stoker was on the wrong side of the road but relies on the recent case of Fretz v. Anderson [2] holding that where the defendant's agent is unable to rebut the presumption of negligence which might have been done had he survived the collision, the presumption is not available to plaintiff.

That there is great confusion among courts and textwriters as to the use and exact meaning of the term presumptions is made apparent from a reading of the case of Wyatt v. Baughman. [3]

Regardless of the confusion attendant upon the definition and use of the terms "inference," "presumption," "presumption of fact" and "presumption of law" we find no difficulty in holding that there are here present certain inferences of fact which are not rendered impotent and nugatory by some other presumption or contrary facts. The facts inferred from the conditions existing on the highway at the point of impact and from which it was presumed that defendant's agent was negligent by reason of being on the wrong side of the highway

1. 2 Am.Jur., Agency Section 101.

2. 5 Utah 2d 290, 300 P.2d 642.

3. 121 Utah 98, 239 P.2d 193.

·existed before the presumption arose and are still competent to go to the trier of facts as to negligence of Mr. Stoker. As was said by this court in In re Swan's Estate: [4]

"* * * These facts had to be in evidence to give rise to the presumption, but they are not eliminated by the production of prima facie evidence of the non-existence of the presumed fact but remain in the case *with at least the same probative proof of the presumed fact as they would have had, had no presumption become operative in the case, and may be so considered by the trier of the facts.* * * *" (Emphasis added.)

We are of the opinion that there was ample evidence to support the court's finding that Wayne Stoker was negligent in the operation of his vehicle which negligence proximately caused the collision.

Judgment affirmed, costs to respondent.

McDONOUGH, C. J., and CROCKETT, J., concur.

HENRIOD, Justice (concurring).

I concur in the result, but not in the distinction made between this case and Fretz v. Anderson in treating the presumption of negligence where one is shown to have been on the wrong side of the road. In the Fretz case the only reason assigned for not allowing the indulgence of the presumption was that the deceased could not return from the tomb to rebut it. By the same token, the inference likewise could not be rebutted, and there seems to be no reason in logic to eliminate the presumption because of death, but not the inference, since the presumption arose from exactly the same physical evidence as did the inference. To exclude the former and allow the inference to operate simply is playing on words when the reason for exclusion of the one applies equally to the other.

In my opinion the statement in the Fretz case relating to the presumption of negligence where one is shown to have been on the wrong side of the highway, being inoperable if that person cannot testify against such presumption because of death, should be rejected by this court. No authority was cited for such a statement. There appears to be no such authority. The statement was a gratuity unnecessary to decide the case. We should not dignify it by fine distinction or explanation but should announce without equivocation that it was made in error and that we do not subscribe to such a statement or doctrine.

WADE, Justice (concurring).

I concur with prevailing opinion that the evidence was ample to support the trial court's findings on both issues. I am, however, inclined to believe with Mr. Justice HENRIOD that our holding in Fretz v. Anderson that there would have been a

4. 4 Utah 2d 277, 293 P.2d 682, 690.

presumption of negligence from the fact that the car was driven on the wrong side of the road had the driver been alive, but there would be no such presumption if he was not alive to rebut it, is an incorrect statement of the law. However, whether or not there is such a presumption and whether or not it applies only if the person against whom it operates is alive, I think the facts here presented are admissible in evidence and are ample to sustain the finding of negligence.