**BERLO VENDING COMPANY, a corporation, Appellant,**

v.

**Blanche MASSEY, Appellee.**

**No. 15996.**

United States Court of Appeals
Eighth Circuit.

Nov. 12, 1958.

Rehearing Denied Dec. 6, 1958.

Ernest E. Baker, St. Louis, Mo. (Alexander & Robertson and L. A. Robertson, St. Louis, Mo., were with him on the brief), for appellant.

Cleo V. Barnhart, St. Louis, Mo., for appellee.

Before SANBORN, JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment for the plaintiff, Blanche Massey, in a personal injury action which arose out of a collision of two automobiles at or near the junction of U. S. Highway No. 40 and Black Lane Road in Madison County, Illinois, in the late afternoon or early evening of March 31, 1956. Federal jurisdiction is based on diversity of citizenship and amount in controversy.

The plaintiff was, before the accident, riding in an automobile driven by her husband westerly in the westbound lane of Highway No. 40 nearest the center of the highway, which runs east and west and is about 40 feet wide, with two eastbound and two westbound lanes. The collision occurred when an eastbound automobile driven by John Scott, an employee of the defendant (appellant), cut diagonally across from the eastbound lane adjoining the westbound lane in which the Massey car was traveling west. The evidence indicated that both cars, prior to the collision, had been traveling at about forty-five miles per hour, but had slowed down somewhat just before they collided.

No useful purpose can be served by stating the evidence in detail. The applicable substantive law is that of Illinois. An exhaustive opinion in these personal injury cases arising out of automobile accidents ordinarily adds nothing to either legal lore or legal literature. The parties and their counsel are familiar with the evidence, which can be of

little interest to others. The burden of demonstrating error and prejudice is on the appellant, and in a diversity case governed by state law that burden is a heavy one. See Homolla v. Gluck, 8 Cir., 248 F.2d 731, 734.

The reason given by Scott for driving his car into the westbound lane of traffic just before the collision was that, as he approached the junction of Black Lane Road with Highway No. 40 and was passing another eastbound car which was on his right, he was confronted by a car which was headed straight for him, and that, to avoid colliding with that car, he turned to his left, invaded the southerly westbound lane of Highway No. 40, and collided with the Massey car. In fairness to Scott it should be said that there was uncontradicted evidence that a car had come from the south on the Black Lane Road into the eastbound lane or lanes of the highway shortly before the collision between his car and the Massey car occurred.

It seems as obvious to us as it did to the trial court that the question of the alleged negligence of Scott, whose car was where it should not have been at the time and place of the collision, and the question of the alleged contributory negligence of the plaintiff, who was, at the time, merely a passenger in the car being driven by her husband, were questions of fact for the jury. See and compare, Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 439; Guyer v. Elger, 8 Cir., 216 F.2d 537; Little v. Watkins Motor Lines, Inc., 8 Cir., 256 F.2d 145, 147–150; Monken v. Baltimore & O. R. Co., 342 Ill.App. 1, 95 N.E.2d 130, 133–134. The adequacy of the excuse of Scott for driving his car

across the center of the highway was for the jury. Nolan v. Bailey, 7 Cir., 254 F.2d 638, 640.

The defendant, however, asserts that it was entitled to a directed verdict on the ground that the evidence failed to show that Scott was engaged in the scope of his employment for the defendant.

We think that the question whether Scott was, at the time of the collision, within the scope of his employment was, under the evidence, also a question of fact for the jury. This because his testimony, viewed in the light most favorable to the plaintiff, justified an inference that he was using his car on his employer's business. No evidence was produced by the defendant to refute such an inference. The failure of the defendant to produce evidence on the issue whether Scott was within the scope of his employment at the time of the collision would justify a conclusion that, if produced, it would not have been favorable to the defendant. See Meier v. Commissioner of Internal Revenue, 8 Cir., 199 F.2d 392, 396.

Our conclusion is that the trial court did not err in denying the defendant's motion for a directed verdict. See and compare, Schumacher v. Rosenthal, 7 Cir., 226 F.2d 946; Jacks v. Woodruff, 9 Ill.App.2d 224, 132 N.E.2d 603, 605–607.

The defendant contends that the trial court erred in sustaining an objection to a question asked of the plaintiff as to the ownership of the car in which she was riding. Like the trial court, we fail to perceive any materiality in that inquiry.

The judgment appealed from is affirmed.