WILLIAM D. McALEXANDER, ADMINISTRATOR OF THE ESTATE OF WILLIAM R. BANNER, DECEASED, APPELLANT, V. ESTATE OF DARRELL LEWIS, DECEASED, ET AL., APPELLEES. WILLIAM D. McALEXANDER, ADMINISTRATOR OF THE ESTATE OF WILLIAM R. BANNER, DECEASED, APPELLANT, V. DANIEL D. LEWIS ET AL., APPELLEES.

93 N. W. 2d 632

Filed December 26, 1958. No. 34418.

*Baylor, Evnen & Baylor, Warren K. Urbom,* and *Joseph C. Murphy,* for appellant.

*Paul P. Chaney, Healey, Davies, Wilson & Barlow, Patrick W. Healey,* and *Wiltse & Wiltse,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This appeal involves two actions at law which were consolidated for trial. They grow out of an automobile accident. The plaintiff, the administrator of the estate of William R. Banner, deceased, brought one action against the estate of Darrell Lewis, deceased, and the administrator of said estate, for the death of plaintiff's deceased. The plaintiff brought the second cause of action against Daniel D. Lewis and Inez M. Lewis, the parents of Darrell Lewis, deceased, for the death of plaintiff's deceased, under the family purpose doctrine. The trial court directed a verdict against the plaintiff in both actions. The plaintiff has appealed from the judgments for the defendants entered pursuant to the verdicts directed by the trial court.

The only issue raised by the appeal is whether or not the trial court was correct in holding that there was insufficient evidence of negligence on the part of Darrell Lewis to take the case to the jury. We shall limit our discussion to that one issue.

The accident occurred at about 12 o'clock noon on March 18, 1954, on state highway No. 67, south of Shubert, Nebraska. Plaintiff's decedent was driving south in a Packard automobile accompanied by his wife, Elizabeth, and his two children, Judy Ann and Michael Ray, aged 3 and 1½ years respectively. A Mr. and Mrs. Fry were also occupants of the Packard automobile.

The Chevrolet automobile was being driven north by Darrell Lewis. There were no other occupants in the Chevrolet car. Mr. and Mrs. Banner, Mr. and Mrs. Fry, and Darrell Lewis were killed in the accident. The surviving children were of such tender years that they were incompetent as witnesses. The result is that there were no eyewitnesses to the accident.

·The evidence shows that the road was graveled and

about 28 feet wide. It was a very murky day, the evidence showing that a heavy rain fell within 5 minutes after assistance arrived at the scene of the accident. The Packard automobile was on the west side of the center of the highway within 3 feet of a ridge of gravel along the west side of the road. The Chevrolet automobile was also on the west side of the center of the highway about the same distance from the gravel ridge. The two cars appeared to have hit approximately head-on. The fronts of the cars were about 1 foot apart, although parts of the wrecked portions of each of the two cars were in contact with the other. There were water and grease spots under each car, and none elsewhere in the vicinity. There was broken glass around the automobiles but little, if any, was found on the east side of the center of the road. The evidence shows that after the accident Mr. Fry was on the ridge of gravel to the right of the Packard car. Mrs. Banner was between the ridge of gravel and the Packard car, her body being described as hanging out of the front door of the car. There were no car tracks or skidmarks observed by any one before or after the rain. The front of each car had suffered extreme damage. There is no evidence bearing upon the issue of negligence except as here summarized.

Negligence is a question of fact and may be established by circumstantial evidence. All that the law requires is that the facts and circumstances proved, together with the inferences that may be reasonably drawn therefrom, shall indicate with reasonable certainty the negligent act complained of. Cox v. Babington, 166 Neb. 609, 90 N. W. 2d 64; Davis v. Dennert, 162 Neb. 65, 75 N. W. 2d 112.

The plaintiff alleged in his amended petition that Darrell Lewis was negligent in that he drove his automobile on the west side of the center of the highway, it being his left-hand side thereof, and that he failed to yield the west half of the highway to the driver of the

Packard automobile. In proof of these allegations the evidence shows the following circumstances: The two automobiles were on the west side of the center of the graveled portion of the highway after the accident. Each was equally distant from the gravel ridge along the west side of the highway. The water and oil marks were under the two automobiles and not elsewhere. The debris resulting from the collision was on the west side of the center of the road. The resulting damages to the two cars clearly indicates a head-on collision. These circumstances were sufficient to permit the jury to find that the impact of the collision occurred on the west side of the center line of the highway. There are no circumstances indicating any other inference or conclusion. The plaintiff is not required to eliminate by proof all possibility that the accident may have happened otherwise in order to present a question for the jury. The jury could find in the case before us that the impact of the two automobiles occurred on the west side of the center of the highway. Such being determined from the evidence, the jury could find that Darrell Lewis was negligent in driving his automobile on his left-hand side of the road. Such conclusions result from inferences that can reasonably and fairly be drawn from the proved circumstances.

The defendants rely upon a line of cases holding generally that negligence cannot be inferred from the position of the automobiles after an accident occurred. This line of cases is fairly represented by Anderson v. Interstate Transit Lines, 129 Neb. 612, 262 N. W. 445, and Bowers v. Kugler, 140 Neb. 684, 1 N. W. 2d 299. A close reading of these cases will disclose that their holdings are that the position of the automobiles after the accident will not support an allegation of negligence when such positions do not reasonably tend to identify the point of impact. This is made clear by the court in the Interstate Transit Lines case where it is said: "Nothing in the evidence tends to reasonably identify

the point of collision, with reference to the center boundary of the highway."

The circumstances in the instant case are sufficient to support a finding that the impact of the two automobiles occurred on the west side of the center of the highway and that Darrell Lewis negligently operated his automobile on the west side of the center of the highway while proceeding north, contrary to the rules of the road. We necessarily conclude that the evidence of the plaintiff was sufficient to present a jury question and that the trial court erred in directing verdicts against him. The judgments are reversed and the causes remanded for a new trial.

REVERSED AND REMANDED.