135 So.2d 384

**Ruth RICHARDS, Administratrix,**

v.

**Robert Howell EAVES, Jr. et al.**

4 Div. 53.

Supreme Court of Alabama.

Nov. 16, 1961.

Rehearing Denied Dec. 21, 1961.

John C. Walters, Troy, for appellant.

John W. Gibson, Troy, and Lange, Simpson, Robinson & Somerville, Birmingham, for appellee Eaves.

122

Jas. G. Clower, Troy, for appellee Richards.

LAWSON, Justice.

This suit was brought in the Circuit Court of Pike County by Mrs. Ruth Richards against Robert Howell Eaves, Jr., and Jerry Dean Richards. The plaintiff sued under the so-called homicide or wrongful death statute (§ 123, Title 7, Code 1940) as administratrix of the estate of her son, Chester Richards, who lost his life as the result of a collision between the car in which he was riding, being driven by the defendant Jerry Dean Richards, and a car being driven by the defendant Eaves.

The complaint contains two counts. Count One alleges that the death of plaintiff's intestate was proximately caused by the concurring negligence of each of the defendants. That count contains the averment that at the time of the collision plaintiff's intestate was riding "as a lawful passenger, and not as a guest." Count Two alleges, in effect, that the death of plaintiff's intestate was proximately caused by the concurrent wanton conduct of the defendants.

The defendant Jerry Dean Richards pleaded the general issue in short by consent in the usual form. The defendant Eaves pleaded the general issue and con-

tributory negligence to Count One and the general issue to Count Two.

At the close of the plaintiff's evidence the trial court directed the jury to find for the defendants by giving general affirmative charges without hypothesis, which were duly requested in writing.

The plaintiff filed a motion for a new trial. It was overruled. She has appealed to this court.

The collision occurred during the early hours of the morning of April 4, 1959, at a point approximately three miles south of Brundidge on U. S. Highway 231. At the place of collision the paved surface of the two-lane highway is from 30 to 35 feet wide, with wide level shoulders on each side. At the exact point of collision the road is level and straight and runs north and south. Pictures introduced in evidence show curves to the east both north and south of the point where the collision occurred, but there is no evidence going to show the distance from those curves to the point of impact. There is no evidence going to show that visibility was affected by inclement weather.

The car in which plaintiff's intestate was riding was owned by the plaintiff's husband, Carl Richards. It was being driven in a southerly direction by the defendant Jerry Dean Richards. The other automobile was being driven in a northerly direction by the defendant Eaves, who was accompanied by Miss Anita Barton.

No witness testified as to the point of impact or how the collision occurred. The defendant Jerry Dean Richards was called as a witness by the defendant, but he testified that he did not recall how the accident happened. He did not know whether it happened on his side of the road (the west side), on the other side of the road (the east side), in the middle of the road or off the road. He said that the last thing he remembered was that he was driving on his side of the road at a speed of approximately 45 miles an hour. On cross-examination he stated that the last event prior to the accident of which he had an independent recollection occurred a half or three-quarters of a mile north of the point where the cars came to rest. On redirect the witness qualified his previous testimony by saying that the place where he remembered being on his side of the road should have been near the point of collision. He did not state that he was traveling in the proper lane, the west lane, at the time the collision occurred. The sum and substance of this phase of Richards' testimony is that he does not know how the accident happened.

The cars came to rest on the east side of the highway facing each other at a 45 degree angle with reference to the highway. The Eaves car was facing in a northwesterly direction. All of that car from the front seat aft was off the pavement resting on the east shoulder of the highway. The front part of the Eaves car was on the edge of the eastern lane, that designed for northbound traffic. Car tracks, not skidmarks, led from the northbound lane onto the eastern shoulder of the road. These tracks extended a distance of 30 yards to the point where the Eaves car came to rest. After the collision the Richards car was facing in a southeasterly direction. All of that car except the right rear wheel and the part behind that wheel were in the eastern lane of the highway, that designed for northbound traffic, although the Richards car was moving in a southerly direction. The left front area of both cars was badly damaged.

A considerable amount of debris was found partly on the edge of the eastern lane of the pavement and partly on the east shoulder of the road. Oil spots were found after the cars were moved which extended from near the center line to the eastern edge of the paved road. We observe that no oil spots were found in the western lane despite the insistence of plaintiff's counsel to the contrary. No witness said that the oil spots extended

even so far as the center line and the pictures introduced show to the contrary.

The fact that there was no eyewitness does not present an insuperable obstacle, if proven circumstances suffice, for it is well established that both the cause of an injury and the question of actionable negligence may be established by circumstantial evidence, with the qualification recognized by the authorities that the circumstances must be proven and not themselves presumed. Harbin v. Moore, 234 Ala. 266, 175 So. 264.

Here the circumstances are proven, and not presumed. And from this circumstantial evidence we think it may be reasonably inferred that the impact of the two automobiles occurred in the eastern lane, that is, in the northbound lane, and that the defendant Jerry Dean Richards negligently operated his automobile on the east side of the highway while proceeding south, contrary to the rules of the road.

We conclude, therefore, that the evidence of the plaintiff was sufficient to present a jury question as to the negligence of the defendant Jerry Dean Richards as charged in Count One of the complaint. McAlexander v. Lewis, 167 Neb. 524, 93 N.W.2d 632, 77 A.L.R.2d 575; Melville v. State of Maryland to Use of Morris, 4 Cir., 155 F.2d 440; Tracy v. Guibbini, 20 Cal.App.2d 216, 66 P.2d 675; Bokhoven v. Hull, 247 Iowa 604, 75 N.W.2d 225; Wood v. Strevell-Paterson Hardware Co., 6 Utah 2d 340, 313 P.2d 800.

We are unwilling to say as a matter of law that under the circumstances here presented the decedent, Chester Richards, while riding in his father's car was "a guest" of Jerry Dean Richards within the meaning of our guest statute (§ 95, Title 36, Code 1940) so as to entitle Jerry Dean Richards to claim the benefit of that statute. See Collie v. Aust, 173 Cal.App.2d Supp. 793, 342 P.2d 998; Ahlgren v. Ahlgren, 152 Cal.App.2d 723, 313 P.2d 88; Wilson v. Workman, D.C.,

192 F.Supp. 852; Helms v. Leonard, D.C., 170 F.Supp. 143; Henline v. Wilson, 111 Ohio App. 515, 174 N.E.2d 122; Naphtali v. Lafazan, 7 Misc.2d 1057, 165 N.Y.S.2d 395; Parker v. Leavitt, 201 Va. 919, 114 S.E.2d 732. Cf. Phelps v. Benson, 252 Minn. 457, 90 N.W.2d 533; Murray v. Lang (Iowa), 106 N.W.2d 643. See Annotation, 65 A.L.R.2d 312.

We hold that the trial court was in error in directing a verdict in favor of the defendant Richards as to Count One of the complaint.

Occurrence witnesses are no more essential to the establishment of wantonness than in the proof of actionable negligence. Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505.

But in our opinion, the evidence in this case does not support an inference of wanton conduct on the part of the defendant Richards; that is, that with reckless indifference of the consequences he consciously and intentionally did some wrongful act or omitted some duty which produced the death of plaintiff's intestate. These essential elements of wantonness were at best left to conjecture pure and simple. Zemczonek v. McElroy, 264 Ala. 258, 86 So.2d 824.

We hold that the court did not err in directing a verdict in favor of the defendant Richards on the second, the wanton, count.

The plaintiff elicited from her witness Jerry Dean Richards and from the latter's mother and wife testimony to the effect that the defendant Eaves told them in the hospital that the accident was not the fault of Jerry Dean Richards. Those same witnesses also testified that Eaves told them in substance that he had driven from West Palm Beach, Florida, to Ozark, Alabama, without stopping; that the girl with whom he was traveling tried to get him to spend the night in Ozark but he refused; that he remembered very little that happened be-

tween Ozark and the scene of the accident; that he did not know how the accident happened, but when he looked up automobile headlights were shining in his face.

 The statement attributed to Eaves to the effect that the accident was not the fault of the defendant Richards is not tantamount to an admission that the accident was caused by Eaves' negligence or wantonness. But even if the statement was given that meaning, it does not suffice to establish a right of action against him where there is no other evidence of actionable negligence or wantonness on his part as a matter of law. McClusky v. Duncan, 216 Ala. 388, 113 So. 250.

As we have indicated, the evidence in this case does not support an inference that the collision here involved occurred at any place other than on the east side of the highway, and there is not one scintilla of evidence to support a finding that the Eaves automobile was ever west of the center line of the highway. Consequently, the other statements attributed to the defendant Eaves are not sufficient to make out a case for the jury as to him.

We are of the opinion that the trial court correctly directed a verdict in favor of the defendant Eaves on both counts of the complaint.

We have dealt with the only questions treated in appellant's brief which warrant consideration on this appeal.

The judgment in favor of the defendant Eaves is affirmed.

The judgment in favor of the defendant Richards is reversed and the cause is remanded.

Affirmed in part and reversed and remanded in part.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.