## M. A. McDivitt, Administrator, Appellant, v. Des Moines City Railway Company, Appellee.

**Instructions:** STATEMENT OF ISSUES. Where the issues are simple and the pleadings concise it is not prejudicial for the court to state the issues in the language of the pleader, although this practice has in some cases been criticised and condemned. But where it is adopted as preliminary to a statement of the issues withdrawn and of those to be submitted, it may result in clearness, especially where counsel in their opening statements have referred to all the issues as made by the pleadings, and there has been evidence received respecting all.

**Instructions:** AMBIGUITY: CONTRADICTION: WHEN NOT CURED BY OTHER INSTRUCTIONS. An ambiguous instruction, or one which standing alone is erroneous because of some omission, may be cured by another paragraph of the charge which is clear on the omitted or ambiguous point; but an affirmatively erroneous instruction, free from ambiguity, can not be cured by a correct statement of the point in another paragraph: as where the court charged that if the jury failed to find that decedent was not guilty of negligence contributing to her injury, the verdict must be for defendant, and in another paragraph told the jury that the decedent was guilty of contributory negligence, the instructions presented a direct contradiction which was not cured by the further statement that there might be a recovery notwithstanding decedent's contributory negligence.

**Instructions:** STATEMENT OF ISSUES. Where the court in stating the issues set forth all the grounds of negligence alleged in the petition, a portion of which only were to be considered by the jury, it should have embraced in the same connection a concise statement of those questions which the jury was to determine; and a failure to do so until after instructions upon other matters was not a proper statement of the issues and was prejudicial.

**Street railways:** RIGHTS OF PUBLIC. The relation of a street car company to the traveling public is not affected by the fact that it owns the fee to its right of way, where its patronage is dependent upon its relation to the street and it maintains a platform partly in the street for the accommodation of the traveling public.

**Same:** NEGLIGENCE. The crossing of a street car track in front of an approaching car is not *per se* a negligent act; the question of

negligence in such cases depends upon the particular ci.cum-
stances, as the distance from the approaching car and its speed.

Same: WHEN A FACT QUESTION. Where there is evidence tending to
show that at the time a pedestrian attempted to cross a street
car track in front of an approaching car, he had reason to believe
he could cross in safety but his failure to do so was the result of
excessive speed of the car, reasonable minds might differ on the
question of his negligence and a fact question is presented.

Same: CONTRIBUTORY NEGLIGENCE: EVIDENCE. The question of whether
decedent, killed in a collision with a street car while attempting
to cross the track, was guilty of contributory negligence is held
under the evidence to have been for the jury.

*Appeal from Polk District Court.*—HON. HUGH BREN-
NAN, Judge.

MONDAY, NOVEMBER 23, 1908.

REHEARING DENIED THURSDAY, MARCH 18, 1909.

ACTION for damages for personal injuries to plain-
tiff's intestate, resulting in her death. Verdict and judg-
ment for the defendant. Plaintiff appeals.—*Reversed.*

*Parrish & Dowell,* for appellant.

*R. B. Alberson* and *Carr, Hewitt, Parker & Wright,*
for appellee.

EVANS, J.—The accident in question occurred on July
15, 1905, on Ingersoll Avenue, in Des Moines. Ingersoll
Avenue runs east and west at the point of the accident.
The defendant owns the fee of the right of way on which
it operates its street car line. On each side of this right
of way is laid out a public street, forty feet in width.
These two streets and defendant's right of way between
constitute Ingersoll Avenue, for all practical purposes. A
narrow street, known as "Crescent Drive," intersects this

avenue practically at right angles. Near the west line of Crescent Drive and on the south line of its right of way, the defendant maintained a platform for the accommodation of passengers. This platform was partly upon the right of way and partly upon the street proper. The deceased lived a short distance to the northeast of this platform, and was in the daily habit of taking the east-bound car for the city every forenoon. There were two tracks upon the right of way; the north one being used for westbound cars, and the south one being used for the east-bound cars. On the morning in question, the deceased started in the direction of the platform, traveling south and west. While she was traveling west on the street along the north side of the right of way, and before she reached a point opposite the platform, she was overtaken by a west-bound car, which passed her, obstructing for a few moments her view of the south track. Immediately behind such car, she crossed the north track and started to cross the south track, she was struck by the east-bound car, while crossing such track, and received injuries from which she afterwards died.

One witness fixed the point of the accident as five to ten feet east of the platform. Others fixed it at a greater distance. Before the view of the deceased was obstructed by the west-bound car, the east-bound car had come into view at some distance away. One witness, who was a passenger on the west-bound car, testified that when the deceased passed behind that car the east-bound car must have been from seventy-five to one hundred, and possibly one hundred and fifty feet away. The distance between the two car tracks was about five feet. There is evidence tending to show that the east-bound car was traveling at a rate of twenty-five miles an hour; whereas, the ordinance permitted no greater speed than twelve miles an hour. There was also evidence tending to show that the plaintiff was carried on the fender for some distance before the car

was stopped, and that the car was started a second time after it had been once stopped, and after the deceased had been thrown from the fender, and that the deceased received her fatal injuries as the result of the second starting of the car. Plaintiff's petition averred negligence in twelve specifications consecutively numbered. Six of them charged negligence prior to the collision, consisting mainly of the alleged reckless speed and failure to have the car under control, and the other six charged negligence occurring after the collision, consisting mainly in the alleged failure of the motorman to stop the car as soon as he might have done, after discovering the peril of the deceased, and also in permitting the car to start after it had been stopped. The answer was a general denial and a plea of contributory negligence.

I.  After hearing the evidence, it was the opinion of the trial court that the deceased was guilty of contributory negligence, and that she could not recover on that account, except for negligence occurring after she was struck, upon the theory of the "last clear chance," and he aimed to instruct the jury to that effect. Assuming, for the time being, that the court was right on the question of contributory negligence, the appellant complains of the instructions as given. It is complained, first, that the issues were not properly stated, in that the trial judge embodied in his statement of the issues a copy of the pleadings, and in that he included therein issues which were not to be submitted for their consideration. Under the heading "Statement of the Issues," which was the first statement read to the jury, and which preceded the numbered instructions, the court did state the issues by setting forth a substantial copy of the petition and answer. The practice of copying pleadings as a statement of issues has been often criticised and condemned by this court. *Swanson v. Allen,* 108 Iowa, 419, and cases there cited. But where the issues are simple,

1. INSTRUCTIONS: statement of issues.

and the pleadings are concise, it has been held not preju-
dicial for the court to state the issues in the language of
the pleader. *Little v. McGuire,* 43 Iowa, 447; *Crawford
v. Nolan,* 72 Iowa, 673. The petition in the case at bar
was concise, and the language used therein might well be
resorted to by the court, without prejudice to the plaintiff.
The greatest difficulty appearing here is that the issues,
as so stated, included the twelve specifications of negli-
gence; whereas, the court was about to withdraw from the
consideration of the jury six of those specifications. It is
not, however, wholly unreasonable that the court should
state to the jury what the issues were as made by the plead-
ings, as preliminary to a statement of what issues are with-
drawn from their consideration and what issues are left
for their consideration. This method may result in clear-
ness to the mind of the jurors as to what things are elimi-
nated, and what things remain. This is especially true if,
in their opening statements to the jury, counsel have
stated the issues as made by the pleadings, and if on the
trial evidence has been received or offered in support or
rebuttal of all such issues. It may often serve to clear
away confusion in the mind of the jury therefore to set
forth: (1) The issues made by the pleadings; (2) that
part of those issues determined by the court; (3) the
issues remaining for the consideration of the jury. We
think therefore that in this case the plaintiff has no ground
of complaint from the mere fact that the court followed the
language of his petition in stating the issues to the jury.
The failure of the court, however, to properly follow up
this statement, will be considered later.

II. The appellant complains further

2. INSTRUCTIONS: ambiguity: contradiction: when not cured by other instructions.

that the instructions of the court were con-
tradictory, and that, although the court held
the deceased to have been guilty of con-
tributory negligence, it nevertheless laid up-
on the plaintiff the burden of proving freedom from con-

tributory negligence before she could recover even upon the theory of the "last clear chance."

After a statement of the issues, the court presented its instructions in paragraphs numbered from 1 to 19, inclusive. The first six are as follows:

(1) The burden of proof is upon plaintiff to establish by preponderance of the evidence each of the following propositions: First, that the deceased, Edith McDivitt Lawson, was struck and injured by the defendant's car about the time, at the place, and substantially in the manner alleged in plaintiff's petition; second, that said decedent was not guilty of negligence causing or contributing to her said injury; third, that the defendant was guilty of negligence substantially as alleged by plaintiff and hereafter in these instructions more fully specified; fourth, that said injuries so received by decedent were the direct and approximate result of the negligence of the defendant; fifth, that the estate of decedent has been damaged in some amount thereby. If you find affirmatively as to each and all of the above propositions, then your verdict will be for the plaintiff. If you fail to find affirmatively as to any one of the above propositions, your verdict will be for the defendant.

(2) As has been stated in the previous instruction, the burden of proof is upon the plaintiff, and before she can recover she must establish by a preponderance of the evidence that the defendant was guilty of one or more of the particular acts of negligence charged in the plaintiff's petition, and that such negligence was the proximate and direct cause of the injury which the plaintiff claims to have sustained on account of the injury and death of decedent. In determining whether the defendant was or was not guilty of the negligence complained of as alleged in plaintiff's petition, you will consider only the negligence alleged pertaining to the stopping or movement of the car in question, after decedent was seen by the motorman in a place of danger, and whether such negligence was the proximate cause of the injury resulting in the death of decedent.

(3) An accident may happen and an injury ensue thereby without any negligence on the part of any one connected therewith. If you find from the evidence that the

injury and death of decedent was the result of mere accident or misadventure, and that the same occurred without any fault, negligence, or failure on the part of the defendant company or its employees to exercise reasonable care and caution in the discharge of its duty in the operation of its car, then the plaintiff can not recover, and your verdict will be for the defendant.

(4) The undisputed evidence in this case shows that the deceased approached the railway track of defendant, and, after having so approached the railway track of defendant, waited for the west-bound car to pass her, and that, after such car had passed, decedent immediately proceeded across the north track, and the intervening space of almost five feet between the north and south tracks, and stopped in front of an east-bound car on the south track, there passing, and was struck by said car without taking any precautions to avoid the accident. You are instructed as a matter of law that this action of decedent would constitute negligence, and plaintiff can not recover unless you find as hereinafter instructed. The only question therefore which you have submitted to you for consideration is whether or not the defendant's employees in charge of the east-bound car, which came in contact with the deceased, were guilty of the negligence charged in failing to avoid the injury which resulted in the death of decedent after the deceased stepped from behind the west-bound car and onto the south track of defendant, and she was seen by the motorman in a position of danger. In this connection the only allegations of negligence which you will consider are:

(5) In relation to the care required of the defendant company, you will only hold it to the exercise of reasonable care, which consists in doing everything which a person of ordinary care and prudence would do, and omitting to do everything which a person of like care and prudence would omit to do. Negligence is defined to be the omitting to do something that a reasonably prudent person would do, or the doing of something which such a person would not do. Under the circumstances of this case, if you find from the evidence that the defendant, by its employees, omitted to do something that a reasonably careful and prudent person would do, or did something that such a person would not do, as to the movements or stopping

of said car after decedent was seen by the motorman to be in a place of danger, you would be warranted in finding the defendant guilty of negligence; and, if you so find, and if you also further find that such negligence was the proximate cause of the injury and death of the decedent, your verdict will be for the plaintiff. If, on the other hand, you find that the motorman, Lewis, in operating the car in question which caused the injury and death of the decedent, did everything which a reasonably prudent person would have done at the time of the accident in stopping the car in question, then you would be warranted in finding that the defendant was not guilty of negligence, and, if you so find, your verdict should be for the defendant.

(6) You have been heretofore instructed, gentlemen, that the decedent was negligent in going upon the track in front of the east-bound car, which struck her; but you are further instructed that, while the law holds that plaintiff can not recover on account of the contributory negligence of decedent in stepping in front of the east-bound car in the manner in which she did, yet if, after the motorman saw her in a place of danger or about to step upon the track in front of the approaching car, he negligently failed to stop said car within a reasonable time or distance under the circumstances shown by the testimony, and such failure was the direct and proximate cause of the injury which resulted in the death of decedent, then your verdict will be for the plaintiff.

From an examination of instruction 1, it will be observed that the jury was instructed, expressly, that, if it failed to find that the decedent was not guilty of contributory negligence, the verdict must be for the defendant. Instructions 4 and 6 expressly stated to the jury that the decedent was guilty of contributory negligence. This presents the alleged contradiction of which appellant complains. It is contended by appellee that instructions 4 and 6 expressly state to the jury that the plaintiff may recover notwithstanding contributory negligence, and this contention is correct; but this does not eliminate the contradiction in the instructions. Appellee contends that the

instructions must be considered as a whole, and this is true. It is argued, also, that the error in the first instruction is cured by the statement in the fourth and sixth; but it is cured only in the form of a contradiction. Our previous cases cited by appellee are not in point. It has been held that where an instruction is ambiguous, or where, standing alone, it is erroneous because of some omission, it may be cured by other instructions that are clear upon the omitted or ambiguous point; but where an instruction is free from ambiguity, and is affirmatively erroneous, the error is not cured by a contradiction contained in another instruction. There is no way in such case to determine which instruction the jury may follow. The question presented in this case is almost parallel with *Christy v. City Railway Company,* 126 Iowa, 428, and the cases therein cited. The error in this case was somewhat emphasized by the sixteenth instruction, which contains the following: "Contributory negligence is such negligence as contributes to an injury"—a definition which was quite unnecessary in view of the withdrawal of the question from the consideration of the jury. The natural effect of it would be to impress the jury that the question was still in the case, and to emphasize the error contained in instruction 1.

III.   Reverting now to the point considered in first division of this opinion, if the court had followed its "Statement of Issues" with instruction No. 4, and had omitted instructions Nos. 1, 2 and 3, it would have rendered the instruction quite unassailable in the respect complained of. After stating to the jury twelve specifications of negligence, a few only of which were to be submitted, it behooved the court to be prompt in directing the attention of the jury to the very issues to be submitted. By failure of the court to do this, it left the jury for the time being without any light as to what was to be submitted for its

3. INSTRUCTIONS: statement of issues.

consideration, or else left the impression that all the stated issues were to be submitted. That part of the instructions denominated "Statement of Issues" was an incomplete statement. It recited the issues made by the pleadings, but it did not advise the jury which of such recited issues were to be submitted to it. The first singling out of the issues to be so submitted occurred in instruction No. 4. This instruction should have been included in the "Statement of Issues," or else it should have immediately followed it. Instructions Nos. 1, 2 and 3, were not only unnecessary and in part erroneous, but they were seriously out of place, in that they were interjected into the subject of stating the issues. The natural effect of such interjecting was to leave the impression on the minds of the jurors that all the issues previously stated were to be submitted to them. For this reason it must be said that the issues were not properly stated, and that the failure was prejudicial to the plaintiff.

IV. Appellant complains of the ruling of the lower court in holding the decedent to have been guilty of contributory negligence. To our minds, this question is a close one. If this were a case involving a steam railroad, we would not hesitate to hold with the trial court. It is urged by appellee that the defendant in this case should stand in the same position as a steam railroad, because it was the owner of the fee of its right of way, and in that sense was not using the public street. We are not able to see that that fact changes the relation of the defendant to the traveling public or protects it against the ordinary rules of liability. Appellee cites no authorities in support of its position in this regard. To our minds, the practical effect as between the defendant and the traveling public is the same, whether the defendant owns its fee or not. Its right of way is a part of the plan of the avenue. Its patronage is dependent upon its relation to the avenue. It maintains a plat-

4. STREET RAILWAYS: rights of public.

form, upon one side of its right of way and partly upon the street for the accommodation of its passengers. It necessarily invites pedestrians to cross its right of way from one side of the street to the other. This was true in this particular case. The decedent was a patron living on the north side of the track. She must necessarily cross the track in order to get to the platform on the south side. She was crossing within a few feet of the platform at the time of the accident.

It will not do to say that the act of crossing a street car track in front of an oncoming street car is *per se* negligence. Such tracks are necessarily so crossed daily by thousands of people. Whether it be negligence as a matter of fact, or law, must depend upon the circumstances of the given case. One of the important circumstances is the distance of the oncoming car, and another is its speed. The distance can always be estimated with sufficient accuracy for the purposes of prudence. The speed, however, may be deceptive. A pedestrian would doubtless be charged with knowledge of the speed permitted by ordinance. One might see an oncoming car so far away that he might prudently believe that he could safely cross the track, and yet the speed of the car might be so excessive as to overtake him before he had cleared to a place of safety.

5. Same: negligence.

In the case at bar, if it must be assumed from the testimony that the decedent stepped in front of a moving car that was already upon her, then the action of the court was right; but if there is evidence tending to show that at the time the decedent entered into the danger zone the car was at such a distance from her that she might reasonably believe that she could cross in safety, and if her failure to do so was the result of the excessive speed of the car, then reasonable minds might differ as to whether she was negligent, even though all might agree that she did not evince the highest

6. Same: when a fact question.

degree of caution. As already indicated in the preliminary statement of the facts, the witness Cleland testified that, when the decedent passed behind the west-bound car, the east-bound car must have been from seventy-five to one hundred, and possibly one hundred and fifty feet west of her. Assuming this statement to be true, can it be said, as a matter of law, that it is *per se* negligence to cross a street car track ahead of an oncoming car seventy-five feet or one hundred feet distant? The statement of this witness is not inconsistent with the physical possibilities. If the car were traveling at twelve miles an hour, the decedent would ordinarily walk eighteen feet while the car traveled seventy-two feet. This would have given her a margin of safety. If the car were traveling at twenty-five miles per hour, the decedent could walk only nine feet, and this would be within the danger zone. Of course, if the speed of the car was manifest to a person standing where the decedent stood, she would be chargeable with knowledge of it, and chargeable with negligence if she ventured to cross under such circumstances; but that, also, is a question for the jury.

It is urged by appellee that this case comes within the rule of *Ames v. Waterloo Transit Company,* 120 Iowa, 640. We think, however, that it comes within the rule of the cases cited and distinguished in the opinion in the *Ames* case. *Patterson v. Townsend,* 91 Iowa, 725, is quite in point.

7. SAME: contributory negligence: evidence.

The fact that both the decedent and the car were approaching the platform where the car would presumably stop, and that the decedent was crossing the track east of the platform, is a circumstance to be taken into consideration in determining whether she acted as a reasonably prudent person might. Cleland testified that the west-bound car had gone fifty or sixty feet west of the point of the accident when it occurred. This would indicate that the east-bound car was moving more rapidly than the west-bound

car, assuming Cleland's estimates of distances to be correct. If the east-bound car was seventy-five feet distant when the decedent emerged from behind the west-bound car, it was west of the platform. If the motorman saw the decedent, and had reason to believe that she was going to the platform, he was confronted with a double duty to stop his car—to stop it for the purpose of taking on a passenger, and to stop it for the purpose of avoiding a collision. In this discussion, we are, of course, considering the evidence in the most favorable light for the plaintiff. We do not overlook the fact that there is testimony in the record which, if taken as true, would sustain the action of the lower court; but we have nothing to do with the weight of the evidence. That question is for the jury.

Our opinion is that, on the whole record, there is sufficient evidence to go to the jury on the question of contributory negligence.

The judgment below is reversed, and cause remanded for a new trial.—*Reversed.*