GERALD R. COMER, appellee, v. LYLE E. BURNS, appellant.

No. 50861.

(Reported in 122 N.W.2d 305)

JUNE 11, 1963.

F. J. MacLaughlin, of Davenport, for appellant.

McDonald, McCracken, McDonald & Carlin, of Davenport, for appellee.

GARFIELD, C. J.—Plaintiff Comer brought this law action to recover from defendant Burns for personal injuries and damage to plaintiff's car from a collision involving three cars on U. S. Highway 6 about 30 miles west of Davenport on Sunday evening, January 15, 1961, after dark. Following trial there was a jury verdict for defendant for $1017.10 on his counterclaim for the stipulated damage to his car. The trial court sustained plaintiff's motions for judgment notwithstanding verdict and new trial. Defendant appeals from the rulings.

On the afternoon before the collision the Ford car of one Garcia stalled while being driven east on U. S. 6 toward Daven-

port. Garcia left it on the south shoulder of the highway and hitchhiked into Davenport for help. He telephoned plaintiff Comer, a cousin by marriage, who drove him to the parked Garcia car in plaintiff's Mercury. With Garcia at the wheel of his Ford plaintiff pushed it from two to five miles east when the Mercury became overheated and the cars were stopped. Plaintiff then drove his car in front of the Ford and backed to within a few feet in front of it so a chain could be attached from the rear of plaintiff's car to the front of Garcia's to permit plaintiff to tow the Garcia car farther east to the first filling station.

While plaintiff was attempting to fasten the chain to the rear of his car and Garcia was trying to fasten it to the front of his, defendant Burns came from the west in his near-new Pontiac, struck the rear of the Garcia car and caused it to collide with the rear of the Mercury. Plaintiff was caught between the Ford and Mercury and seriously injured. His Mercury was also heavily damaged.

The paved portion of the highway at the scene of collision was 24 feet wide. Most of the evidence indicates the Ford and Mercury were stopped on the pavement in the south (eastbound) lane during the attempt to fasten the chain. There is evidence the Garcia car was partly off the pavement on the south shoulder. Plaintiff and Garcia both testify plaintiff's Mercury was farther to the north (left) on the pavement than the Ford was.

Charges of negligence against defendant which were submitted to the jury were his failure to—keep a proper lookout, have his vehicle under control, turn it to the left to avoid striking the Garcia car, and drive at a careful and prudent speed.

Charges of negligence against plaintiff in defendant's counterclaim which were submitted were: 1) plaintiff's stopping and leaving his vehicle standing on the paved portion of the highway when it was practical to stop and leave it off such portion, and 2) his failure to leave a clear and unobstructed width of at least 20 feet of the highway opposite his vehicle and to its left for the free passage of other vehicles, both in violation of section 321.354, Codes, 1958 and 1962. Also 3) in plaintiff's failure to have his vehicle equipped with a lighted rear lamp exhibiting a

red light plainly visible from a distance of 500 feet to the rear, in violation of Code section 321.387.

A matter of pleading is important upon this appeal and may be referred to now. Division I of defendant's answer is in effect a denial. Division II alleges plaintiff and Garcia were engaged in a joint venture and the collision was caused by their concurrent negligence. Defendant's counterclaim, however, contains no such allegation as that found in Division II of the answer. The counterclaim alleges the proximate cause of the collision was the negligence of plaintiff and Garcia in each of the three respects just referred to.

I. We first consider the ruling on plaintiff's motion for judgment notwithstanding the verdict for defendant on his counterclaim. Such a motion is governed by rule 243, Rules of Civil Procedure, which provides:

"Any party may, on motion, have judgment in his favor despite an adverse verdict, * * *:

"(a) If the pleadings of the opposing party omit to aver some material fact or facts necessary to constitute a complete cause of action or defense and the motion clearly specifies such failure or omission; or

"(b) If the movant was entitled to have a verdict directed for him at the close of all the evidence, and moved therefor, and the jury did not return such verdict, the court may then either grant a new trial or enter judgment as though it had directed a verdict for the movant."

Plaintiff did not move for directed verdict at anytime and makes no attempt to justify the sustaining of his motion for judgment notwithstanding the verdict under the authority of rule 243(b). Nor is the ruling placed upon this ground. Thus this part of the rule will not support the ruling.

Plaintiff's motion for judgment asserts defendant failed to prove the cause pleaded in his counterclaim, that the three submitted specifications of negligence, supra, all relate to the claim plaintiff and Garcia were engaged in a joint venture and jointly negligent, and there is no evidence to support such a finding or any of the three specifications of negligence.

The trial court's ruling recites:

"In his counterclaim defendant has predicated his cause of action solely on the concurrent negligence of plaintiff and Garcia as joint venturers. * * *

"It is manifest the only theory upon which the jury could have found plaintiff responsible for the damage to defendant's car is that he was a joint venturer with Garcia, although they were instructed such was not the relationship. * * *

"Since defendant's counterclaim is based upon an erroneous legal assumption as to plaintiff's relationship to Garcia, plaintiff's motion for judgment notwithstanding verdict comes within rule 243(a) and for that reason is sustained as to each and all of the six paragraphs."

This ruling cannot be upheld. Plaintiff's motion for judgment does not allege the counterclaim omits "to aver some material fact or facts necessary to constitute a complete cause of action" and of course does not clearly specify such omission, as rule 243(a), supra, requires. Nor did the trial court so rule. The motion merely asserts defendant failed to prove the cause pleaded in his counterclaim and that there is no evidence to support it or any of the three submitted specifications of negligence therein.

If there were such failure of proof and lack of evidence as plaintiff's motion asserts, this would obviously entitle him to a directed verdict and he should have moved therefor at the close of all the evidence. Plaintiff would then be entitled either to a new trial or judgment as though a verdict had been directed for him, under rule 243(b). Plaintiff sought and obtained under rule 243(a) relief to which he would have been entitled under rule 243(b) provided he had properly moved for directed verdict and provided, of course, further there were such failure of proof and lack of evidence as claimed by him. The purpose of rule 243(b) is to afford the trial court an opportunity to correct its error in failing to sustain a motion for directed verdict. Friedman v. Colonial Oil Co., 236 Iowa 140, 145, 18 N.W.2d 196, 199.

As before indicated, the trial court's ruling errone-

ously asserts defendant's counterclaim is predicated "solely on the concurrent negligence of plaintiff and Garcia as joint venturers." The counterclaim contains no such allegation. It merely alleges the proximate cause of the collision was the negligence of plaintiff and Garcia in each of the respects asserted. The words "and Garcia" were unnecessary to a statement of the cause of action and could have been omitted. Their inclusion does not amount to omission of some material fact necessary to a complete cause of action, within rule 243 (a). If every petition or counterclaim were held fatally defective because it includes a few words unnecessary to a statement of the cause of action, few would survive. Pleadings (and even on occasion court opinions) are seldom stripped to the bare essentials.

The counterclaim indicates the pleader had in mind the rule that each person whose negligence concurs or combines to cause injury to another (whether or not a joint venturer and regardless of any question of imputed negligence) is liable therefor. Law v. Hemmingsen, 249 Iowa 820, 826, 89 N.W.2d 386, 391, and citations; Lockwood v. Wiltgen, 251 Iowa 484, 490–492, 101 N.W.2d 724, 728, 729, and citations.

Further, if the counterclaim contained the allegation the trial court thought it did, it would not result in the pleading of no cause of action. Certainly it is possible for two persons doing what plaintiff and Garcia were to be joint venturers. As pointed out in 3 Cook's Iowa Rules of Civil Procedure, Revised Ed., page 24, rule 243 (a) "permits judgment because the prevailing party has pleaded no cause of action or defense." See Stupka v. Scheidel, 244 Iowa 442, 451, 452, 56 N.W.2d 874, 879.

See as lending support to the above views, in addition to Stupka v. Scheidel and Friedman v. Colonial Oil Co., also supra, 236 Iowa 140, 145, 18 N.W.2d 196, 199; Jensvold v. Chicago, Great Western R. Co., 236 Iowa 708, 715, 18 N.W.2d 616, 620; Marxen v. Meredith, 246 Iowa 1173, 1181, 69 N.W.2d 399, 403; Bokhoven v. Hull, 247 Iowa 604, 606, 75 N.W.2d 225, 226; Siebert v. State Farm Mut. Ins. Co., 251 Iowa 1060, 1062–1064, 103 N.W.2d 757, 758, 759.

II. Plaintiff's motion for new trial asserts the jury verdict is (1) not sustained by sufficient evidence, (2) is contrary to

law, and (3) appears to have been influenced by passion or prejudice or the jury's misunderstanding and misinterpretation of the court's instructions. The court sustained the motion upon grounds (1) and (2) and also on the ground substantial justice was not done. The ruling quotes from Schneider v. Keokuk Gas Service Co., 250 Iowa 37, 43, 92 N.W.2d 439, 442, a statement that irrespective of grounds for a new trial such as (1) and (2) above (rule 244(f), Rules of Civil Procedure), "it was the inherent right of the trial court to grant a new trial where substantial justice has not been effectuated, * * *."

The court's ruling also points out its second instruction to the jury repeats the allegations of Division II of defendant's answer that plaintiff and Garcia were engaged in a joint venture and the collision was caused by their concurrent negligence, instruction 18A states plaintiff and Garcia were not engaged in a joint venture and any negligence of Garcia could not be imputed to plaintiff, and also expresses the opinion instruction 18A should have been given sooner, either immediately after the statement of the issues or instruction 8 which sets out the charges of negligence against defendant.

Rule 244(f) gives as a ground for new trial, if it materially affected substantial rights of the aggrieved party, the fact the verdict is not sustained by sufficient evidence or is contrary to law. Apparently we have never held this rule either enlarges or modifies the common-law inherent power of the court to grant a new trial in the interest of justice. Burke v. Reiter, 241 Iowa 807, 813, 814, 42 N.W.2d 907, 911, and citations; Coleman v. Brower Construction Co., 254 Iowa 724, 730, 119 N.W.2d 256, 259.

The Coleman opinion states the rules which govern an appeal from the grant of a new trial in the interest of justice— or because the trial court feels the verdict does not effect substantial justice. We quote the principal ones without repeating the previous decisions therein cited to support them:

"It may be admitted the case was properly for the jury and plaintiff was not entitled to a directed verdict. However, we have frequently held this does not prevent trial courts from exercising their inherent power to grant another trial in the

interest of justice. [citations] Nor is it necessary reversible error was committed upon the trial. If such were the rule, the inherent power of the court to correct a failure of justice would be meaningless. [citations]

■ "We have repeatedly held trial courts should grant a new trial when they feel the verdict fails to administer substantial justice or it appears the jury has not responded truly to the real merits of the controversy. [citations]

■ "Trial courts have a broad but not unlimited discretion in determining whether a verdict effectuates substantial justice. We are slower to interfere with the grant of a new trial than with its denial (rule 344(f), subparagraphs 3, 4, Rules of Civil Procedure).

■ "Many of our decisions point out that trial courts have greater discretion to order a new trial in the interest of justice than does this court. We interfere reluctantly and infrequently with such an order and only upon a clear showing of abuse of discretion. [citations]

■ "We should not disturb the order appealed from unless we can say there was no reasonable ground for the trial court to believe the jury reached an unjust result which may be obviated upon a second trial. [citations]

■ "We are not called upon to decide whether judgment on the verdict, had one been entered, would have been reversed on plaintiff's appeal or whether reversible error was committed upon the trial. [citation]." (Pages 730, 731 of 254 Iowa, pages 259, 260 of 119 N.W.2d)

Just as we concluded in the Coleman case, we may say here, "We are not persuaded from a study of this record that the trial court's order [granting a new trial] shows a clear abuse of the broad discretion lodged in it" (page 732 of 254 Iowa, page 260 of 119 N.W.2d). See also Larew v. Iowa State Highway Comm., 254 Iowa 1089, 1094, 120 N.W.2d 462, 465. The Larew case is like this in that we disagreed with one of the views expressed by the trial court but upheld his grant of a new trial in the interest of justice.

As we have explained, the court's instruction 2 sets out the allegations of Division II of the answer to the effect plaintiff

and Garcia were joint venturers. Not until instruction 18A was the jury told they were not joint venturers. Even then it was not told the issue was withdrawn from its consideration. There is merit in the court's view instruction 18A should have come sooner—preferably in the statement of the issues or immediately thereafter. For that matter, unless the jury had been advised (perhaps in counsel's opening statement) of the issue raised in Division II of the answer—and the record does not show this—it would have been better for the instructions to entirely omit any reference to such issue.

"We have frequently pointed out it is better practice not to refer in the instructions to an issue that for lack of evidential support or otherwise is not submitted to the jury. [citations]

"If the statement of the issues for any reason (as where the issue has been referred to in the jury's presence during the trial) contains an issue not finally submitted to the jury the instructions should plainly say such issue is withdrawn from the jury's consideration." Clayton v. McIlrath, 241 Iowa 1162, 1166, 1167, 44 N.W.2d 741, 744, 27 A. L. R.2d 307.

See also Bohnsack v. Driftmier, 243 Iowa 383, 389, 52 N.W.2d 79, 82; Plumb v. Minneapolis and St. L. R. Co., 249 Iowa 1187, 1198, 91 N.W.2d 380, 387.

McDivitt v. Des Moines City R. Co., 141 Iowa 689, 697, 698, 118 N.W. 459, points out that where the statement of the issues in the instructions refers to an issue not submitted, such issue should promptly be withdrawn either in the statement of the issues or immediately following.

The trial court was of the opinion the instructions in the respect we have discussed may well have accounted for the verdict—which he felt resulted in a failure of justice. We cannot hold there was no reasonable ground for the court's feeling.

It follows that the ruling sustaining plaintiff's motion for judgment notwithstanding the jury verdict is reversed, the ruling granting a new trial is affirmed.

Ordinarily, where there is a counterclaim a new trial will be granted as to both the petition and counterclaim, not merely as to one. Torrence v. Sharp, 246 Iowa 460, 464, 68

N.W.2d 85, 87, and citations. See also as somewhat applicable Allbee v. Berry, 254 Iowa 712, 718, 719, 119 N.W.2d 230, 233, 234. The ordinary rule should apply here.

For a new trial on both petition and counterclaim the cause is remanded. Costs in this court to be equally divided.—Reversed in part; affirmed in part, and remanded.

All JUSTICES concur.