DALGARNO "Scotty" WARRENDER, appellee, v. A. G. McMURRIN et al., appellants.

No. 51365.

(Reported in 128 N.W.2d 285)

MAY 5, 1964.

Gleysteen, Nelson, Harper, Kunze & Eidsmoe, of Sioux City, for appellants.

Miller, Miller & Miller, of Cherokee, for appellee.

SNELL, J.—In a farm accident case defendants have appealed from the order of the trial court granting a new trial.

On July 31, 1962, plaintiff was an experienced farmhand serving as a temporary employee of defendants. He was unloading baled straw from a flatbed wagon. Some of the bales of straw slipped and fell from the wagon striking plaintiff causing him to fall backwards on some rocks. He suffered three fractured

ribs, soreness, pain, some atelectasis or squeezing of the lung, and, in the opinion of the examining radiologist, a little pneumothorax or air accumulating between the lining of the lung and the chest wall.

Plaintiff was hospitalized four days and was under medical supervision and wore a brace for about six weeks. Up until the time of trial in March, 1963, he had done no physical labor. His medical and hospital bills totaled $154.05.

Plaintiff was 68 years old and had not worked steadily since 1952. His annual earnings were very modest. For all of the various items for which a plaintiff in a personal injury action usually seeks recovery plaintiff asked $15,000.

Plaintiff alleged and offered evidence that defendants were proximately negligent in requiring plaintiff to work upon a flatbed wagon in an area strewn with rocks; on a wagon parked by one of the defendants on sloping ground; and on a flatbed wagon containing baled straw stacked in a slanting manner.

The case was submitted to a jury. There is no claim of error in the admission of evidence or in the instructions.

The jury returned a verdict for plaintiff in the sum of $350.

Plaintiff moved for a new trial on three grounds: That the verdict was inadequate; inequitable; and a compromise verdict whereby some jurors exchanged their convictions that there should have been a verdict for defendants in return for a vote of a low and inadequate verdict.

The court sustained the motion on all three grounds and defendants appeal alleging error in each particular.

We will consider the grounds in inverse order.

I. In support of the motion for new trial plaintiff offered the affidavit of one juror. The affidavit stated that after some deliberation a ballot showed that the jury stood 10 to 2 against a finding of negligence.

Subsequently a ballot on whether plaintiff should receive compensation favored plaintiff by 8 to 4.

Later each juror wrote on a ballot his or her idea as to what should be awarded plaintiff. The amounts varied from nothing to $2500. The average was $350. Although this amount was

the final verdict there is no claim that there was any agreement to be bound by the average.

No one claims that the result was a quotient verdict.

The jury was instructed and retired for deliberations at 3:15 p.m. and returned the verdict at 8:45 p.m. The deliberations extended throughout five and one-half hours less such time as was needed for an evening meal. There is nothing in the affidavit to indicate that the verdict was precipitous, impulsive, coerced or rendered without proper deliberation. Neither is there anything to suggest that the manner in which the jury reached its final verdict constituted such misconduct as to require a new trial. Jury verdicts may not be set aside just because the essential propositions are not finally determined in the order suggested by the court's instructions.

The allegations in the affidavit and the resulting suspicion that the verdict was a compromise would not support an order for a new trial. These matters all inhered in the verdict. Jury verdicts may not be so impeached. If verdicts could be so attacked and set aside there would seldom, if ever, be a finality as to jury verdicts. Long v. Gilchrist, 251 Iowa 1294, 1299, 105 N.W.2d 82.

In Keller v. Dodds, 224 Iowa 935, 277 N.W. 467, the showing of improper matters discussed and considered was much stronger than in the case before us. It was held that the showing on that ground was insufficient to order a new trial.

The statements and quotations in Allbee v. Berry, 254 Iowa 712, 718, 719, 119 N.W.2d 230, about compromise verdicts had a different background and related to inadequacy of a verdict and not misconduct of a jury. An inadequate verdict resulting from a compromise may be set aside but it is set aside because of inadequacy or misconception of the jury's duty and not because it is a compromise or reconciliation of opinions. The abject surrender of an abiding conviction for no reason except to return a verdict might be an improper compromise but a final verdict representing a reconciliation or change in first express impressions is not a basis for new trial.

The trial court's order for a new trial is sufficiently supported on other grounds.

We will consider the question of inadequacy and the court's power to order a new trial because thereof in the next division.

▮ II. The trial court found the verdict inadequate and inequitable. The verdict of $350 was $195.95 more than plaintiff's doctor and hospital bills. The amount seems rather small as compensation for plaintiff's discomfort and disability even in a master and servant case where contributory negligence mitigates damages. The trial court found that the award was grossly inadequate, a misapprehension of the duty of the jury under the instructions, and that plaintiff should have been entitled to a substantially greater sum if he was entitled to anything. We cannot say that there was abuse of discretion in so finding.

▮ In ruling upon motions for new trial the trial court has broad, but not unlimited, discretion in determining whether the verdict effectuates substantial justice. Citations unnecessary. See Rule of Civil Procedure 344(f)3.

The Supreme Court is slower to interfere with the grant of a new trial than with its denial. See Rule of Civil Procedure 344(f)4.

The basic principles involved in the inherent power of a trial court to grant a new trial in the interest of justice have been before us recently and have been fully discussed. Reanalysis of the authorities is unnecessary here. A brief summary of what we have held is sufficient.

We will only interfere with an order for a new trial when discretion has been abused.

▮ Trial courts should grant a new trial when they feel the verdict fails to administer substantial justice or it appears the jury has not responded truly to the real merits of the controversy.

▮ Trial courts have greater discretion to order a new trial in the interest of justice than does this court.

A trial court having heard the evidence and observed its effect and the general conduct of the trial is in a much better position to pass upon the right to a new trial than this court can be on appeal.

▮ Judges may not arbitrarily substitute their opinion for the conclusion of a jury, but should exercise sound judicial dis-

cretion in the interest of justice and fair trials. When there is no abuse of that discretion we should not interfere.

Coleman v. Brower Construction Co., 254 Iowa 724, 119 N.W.2d 256; White v. Walstrom, 254 Iowa 646, 118 N.W.2d 578; Comer v. Burns, 255 Iowa 251, 122 N.W.2d 305.

In Lantz v. Cook, 256 Iowa 409, 127 N.W.2d 675, the trial court expressed dissatisfaction with the verdict but did not interfere. We affirmed and refused to interfere with the discretion of the trial court when nothing appeared other than dissatisfaction. Our holding in that case does not require a reversal in the case at bar.

As we said in the Comer case quoting from the Coleman case, "We are not persuaded from a study of this record that the trial court's order [granting a new trial] shows a clear abuse of the broad discretion lodged in it."

The case is—Affirmed.

GARFIELD, C. J., and HAYS, THOMPSON, PETERSON, THORNTON, MOORE and STUART, JJ., concur.

LARSON, J., concurs in result and in Division II.